IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2025-FL

| | | |
|---|---|---|
| DOUGLAS HAMMOND, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER |
| CYNTHIA THORNTON, | ) ) | |
| Respondent. | ) ) | |

This matter came before the court on respondent's motion to dismiss (DE 15) pursuant to Federal Rule of Civil Procedure 12(b)(6). In this posture, the issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On July 20, 1993, petitioner was tried in the New Hanover County Superior Court, and convicted of first-degree rape, first-degree sex offense, and first-degree kidnaping. State v. Hammond, 118 N.C. App. 257, 262, 454 S.E.2d 709, 712 (1995). On July 23, 1993, petitioner was sentenced to two consecutive life sentences, as well as a 40-year term of imprisonment. (Pet. p. 1.) Petitioner subsequently filed an appeal. Hammond, 454 S.E.2d 709 (1995). On March 21, 1995, the North Carolina Court of Appeals entered an order finding error in the sentencing proceeding, and remanded the action to the trial court for a new sentencing hearing. Id. at 713.

On December 31, 1996, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the New Hanover County Superior Court, which was denied. (Pet. p. 3.) Then, on June 4, 1997,

petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals, which was dismissed on February 14, 1997. (Id. p. 4.)

On June 4, 1998, petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in this court before United States District Court Judge W. Earl Britt. Hammond v. North Carolina, No. CA-98-439-5-BR (E.D.N.C. Feb. 2, 1999). (Id.) The petition was dismissed as time-barred. Petitioner subsequently filed a notice of appeal, and the Fourth Circuit Court of Appeals dismissed petitioner's appeal on July 27, 1999. Hammond v. State of North Carolina, 187 F.3d 629 (4th Cir. 1999).

On October 26, 2004, and October 30, 2008, petitioner filed an MAR in the New Hanover County Superior Court in which he both "challenged change of sentence classifications" and "requested re-sentencing." (Pet. p. 4.) The MAR was denied on October 31, 2008. (Id. p. 5.)

On February 4, 2015,[1] petitioner filed this second *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his § 2254 petition: (1) "Under the Fair Sentencing Act, time credits earned while serving a life sentence can be applied to a consecutive sentence of years to be served after becoming eligible for parole on a life sentence after serving twenty years[;]" (2) "By applying the time credits to my second sentence[,] I should receive a current parole eligibility date and a sentence reduction[;]" and (3) "I ask that the gain time and meritorious credits I have earned be applied to my second sentence of forty years."[2] (Pet. p. 5.)

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated February 4, 2015, but filed on February 9, 2015, to be filed on February 4, 2015. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

[2] Petitioner states that he became eligible for parole for his life sentence on November 26, 2012. (Pet. p. 6.)

Then, on May 4, 2015, petitioner filed a supplemental pleading citing the North Carolina Court of Appeals' decision in State v. Bowden, 193 N.C. App. 597 (2008), in support of his previously filed claims. Petitioner asserts that taking into consideration his Bowden credits, his unconditional release date was October 13, 2009.

Respondent subsequently moved to dismiss petitioner's habeas petition on the grounds that it was filed outside of the statute of limitations, and therefore is time-barred. Alternatively, respondent asserts that the petition should be dismissed because petitioner failed to exhaust his state court remedies. The motion was fully briefed.

**DISCUSSION**

A.  Motion to Dismiss

  1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when

3

accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

2. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on November 26, 2012–the date the petitioner became eligible for parole on his life sentence.[3] See 28 U.S.C. § 2244(d)(1)(D). Petitioner's one-year statutory period then began to run on November 26, 2012, and ran for 365 days until it expired on November 26, 2013.

---

[3] The court notes that petitioner should have been aware of his Bowden claim, at the latest on October 13, 2009, when he allegedly became eligible for release. The one year time period for that claim would have begun to run on October 13, 2009, and would have expired one year later on October 13, 2010. Moreover, even if petitioner could proceed with this claim, petitioner fails to state a claim because the North Carolina Supreme Court reversed the North Carolina Court of Appeals' ruling in Bowden. See State v. Bowden, 367 N.C. 680 (2014); see also, Waddell v. Dep't of Corr., 680 F.3d 384, 390, 396 (4th Cir. 2012) (finding that "the administration of sentence reduction credits implicates a lesser liberty interest" and that the interest of public safety outweigh any entitlement to such credit.)

As a defense to the running of the statute of limitations, petitioner argues that § 2244's one-year statute of limitation does not apply in this action due to a circuit split regarding the applicability of § 2244's statutory period as recognized in Cox v. McBride, 279 F.3d 492 (7th Cir. 2002). Specifically, petitioner contends that the circuits are split as to whether the one-year statute of limitation applies to habeas petitioners challenging administrative decisions or only to those petitions challenging an inmate's underlying conviction. After the Seventh Circuit's ruling in Cox, the Fourth Circuit Court of Appeals held that the statute of limitations does in fact apply to habeas petitioners challenging administrative decisions. Wade v. Robinson, 327 F.3d 328, 330, 331 (4th Cir. 2003); see also, Zhan v. Wilson, No. 12–3052, 2013 WL 4500055 at * 9 (D.S.C. Aug.19, 2013) (finding that the date when the petitioner contended he should have been eligible for parole triggered the one year AEDPA statute of limitations). Thus, petitioner's defense is meritless.

Petitioner, additionally, raises the issue of equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the

5

petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner claims he is entitled to equitable tolling due to his *pro se* status and because he sought to obtain relief with his case manager and the parole commission. However, legal inexperience is not a justification for equitable tolling. Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted). Additionally, petitioner has not alleged or demonstrated any delay on the part of his case manager or parole commission sufficient to toll the one-year period of limitations. See Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704 at *2 (M.D.N.C. Aug. 1, 2002) (rejecting equitable tolling claim based on petitioner's assertion that he missed one-year deadline while waiting for North Carolina Prisoner Legal Services). Accordingly, petitioner has not established the extraordinary circumstances necessary for equitable tolling, and is not entitled to equitable tolling on this ground. Because petitioner has not set forth any meritorious grounds for equitable tolling, his action is time barred.[4]

B.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to

---

[4] Petitioner's action, alternatively, is dismissed on the grounds that petitioner failed to exhaust his state court remedies prior to filing this action. See 28 U.S.C. § 2254(b)(1)(A).

6

dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

7

Case 5:15-hc-02025-FL   Document 22   Filed 11/24/15   Page 7 of 8

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 15) is GRANTED. The certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 24th day of November, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge